## THE STATE *v.* WAGGONER.

CRIMINAL LAW.—*Indictment.*—*Intoxication in Public Place.*—An indictment under section 11 of the liquor law of 1875, for being found in a public place in a state of intoxication, described the place as "a public street, highway, and sidewalk, situated in" a county named "and State of Indiana."

*Held,* that the indictment sufficiently described a public place.

SAME.—A public place, as intended by such a statute, is a place where all persons are entitled to be; and an indictment under the statute should describe the place with reasonable certainty, so that the court may see , that it is a public place, within the meaning of the statute.

From the Greene Circuit Court.'

*C. A. Buskirk,* Attorney General, and *A. M. Cunning,* Prosecuting Attorney, for the State.

*A. G. Cavins* and *E. H. C. Cavins,* for appellee.

BUSKIRK, J.—The appellant was indicted under the 11th section of the act of 17th of March, 1875. Acts 1875, Spec. Sess. 55. The court quashed the indictment. The State excepted and prosecutes this appeal. The indictment charges, that " one George Waggoner was then and there found in a public street, highway and sidewalk, situated in Greene county and State of Indiana, unlawfully in a state of intox-·ication."

The statute is, "any person of sound mind found in any public place in a state of intoxication, shall be deemed guilty of a misdemeanor," etc. Acts of 1875, Spec. Sess., p. 57.

The indictment was quashed in the court below, as we are informed by the brief of the prosecuting attorney, upon the ground that it did not sufficiently describe a public place.

It has been held that, to constitute an offence under the above quoted section, the accused must be found in a public place; and a public place was held to be where all persons were entitled to be; and that a party given by a private citizen, where the guests were invited, was not a public place within the meaning of the above section. *The State* v. *Sowers, ante,* p. 311.

Hence, it is necessary that the indictment should, with reasonable certainty, describe the place where the accused was found, so that the court may see that such place is a public place, within the meaning of the statute.

The definition of the offence of being found in a public place in a state of intoxication is very similar to the lan-

guage used in defining an affray. To constitute an affray, the fighting must be by agreement in a public place. There is no reason why the description of the public place should be different in the two offences. · A description which would be good in an affray ought to be sufficient in an indictment for being found intoxicated. The recognized form for an indictment for au affray is * * * "then and there, in a certain public street and highway there situate, unlawfully," etc. Arch. Cr. Pl., 2d Am. from 3d London ed., 385; Arch. Pl. & Ev., 10th London ed., 599; 2 Bish. Cr. Pro., secs. 16, 19 and 23; Whart. Prec. 850; Bicknell Cr. Pr. 395.

Bishop adopted the form used by Archbold, and in speaking of the allegation of place, says:

"In the form which we have extracted from Archbold, the allegation is, that the offence occurred in a certain public street and highway; and there is no reason to doubt the sufficiency of the form in this respect."

We think the indictment is good, and that the court erred in quashing it.

The judgment is reversed, with costs; and the cause is remanded with directions to the court below to overrule the motion to quash, and for further proceedings.