## Wellman v. Commonwealth.

(Decided March 15, 1927.)

## Appeal from Lawrence Circuit Court.

1. Drunkards—Indictment for Drunkenness Need Not Charge that Drunkenness was Produced by Intoxicating Liquor (Ky. Stats., Section 2554a-28).—Indictment for being drunk and intoxicated in public place, under Ky. Stats., section 2554a-28, need not charge that drunkenness was produced by use of intoxicating liquor.

2. Drunkards—Defendant Who was Drunk on Streets of Town was Not Entitled to Directed Verdict of Acquittal in Prosecution for Being Drunk in ."Public Place."—Directed verdict of acquittal held properly refused in prosecution for being drunk and intoxicated in public place, though it was not shown how, when, or where defendant had drunk intoxicating liquor, where he was shown to have been drunk on streets of town, which is "public place."

C. F. SEE, JR., for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

John Wellman was indicted, tried and convicted of the offense of drunkenness under sec. 2554a-28, Ky. Statutes. On this appeal it is urged, first, that a demurrer should have been sustained to the indictment, which charged the defendant with being intoxicated and drunk upon a public or private road and in a public place. When the demurrer was filed the commonwealth elected to try the defendant upon the charge of being drunk and intoxicated in a public place. Whereupon the demurrer was overruled. The objection urged is that the indictment does not charge that the drunkenness was produced by the use of intoxicating liquor. We see no merit in this contention. The statute denounces the offense of drinking intoxicating liquors in public places or upon passenger coaches or other places named for which a punishment is fixed, even though the offender is not intoxicated. It also denounces the offense of being drunk or intoxicated in any public place, &c., without requiring the commonwealth to show the producing cause of the intoxication. The indictment was sufficient in this respect. It is also argued that the court should have given a peremptory instruction for the defendant because it was not shown how, when or where he had drunk any intoxicating

liquor.   However, the statute does not place. the burden of proving this fact upon the commonwealth, and it was abundantly proven that the defendant was in a drunken condition upon the street of Louisa.   Certainly the street of a town is a public place and the court properly overruled the motion for a directed verdict.

Wherefore, perceiving no error, the judgment is affirmed.