## OSCAR SEALEY v. THE STATE.

No. 15000. Delivered March 23, 1932.

The opinion states the case.

*Jno. M. Hatter,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin,. for the State.

LATTIMORE, JUDGE.—Conviction for drunkenness in a public place; punishment, a fine of $1.

Appellant was charged by complaint and information in two counts, one charging drunkenness in a public place, the other a disturbance of the peace by the use of loud and vociferous language on a public street. He made application for a severance, averring that Frank Barron was charged with the same offense "in the same way," and asking that Barron be tried first upon his belief that Barron would be acquited and that Barron's testimony was material for appellant's defense. The application was over-ruled, no reason being given for refusal to grant same. In the bill of exception complaining of this action of the court it is made to appear that during the trial of appellant Barron was offered as a witness for the defense, but that upon objection by the state his testimony was not received. We doubt if the severance should be granted when the charge is only that of drunkenness in a public place. Anderson v. State, 56 Texas Crim. Rep., 360, 120 S. W., 462. Manifestly two men could not be made drunk by imbibing the same liquor. However this is not true of disturbing the peace. We think the learned trial judge fell into error in this matter.

We are of opinion that testimony that the officers found appellant some miles from the town of Palmer, and that he was then drunk, would be admissible as shedding light on his condition before he left town. Exceptions to qualifications placed on bills of exception by trial courts are of no avail when authenticated by nothing else than the signature of the attorney for the accused.

For the error of the trial court above mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*