## GUY BYROM V. THE STATE.

No. 16761.   Delivered June 29, 1934.

The opinion states the case.

*Harry W. Flentge,* of Gatesville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Drunkenness in a public place is the offense; penalty assessed at a fine of one dollar.

The complaint contains the following averment: "Guy Byrom did then and there unlawfully and wilfully get drunk in a public place, to-wit: the public square and streets of the City of Gatesville, Texas."

The validity of the complaint is challenged upon the ground that it does not state that the public square and streets were public places. There is some variation as to what places come within the meaning of the use of the words "public place." That a street is a public place, within the meaning of the present statute, and that the averment that the offense was committed in a public place would be met by proof that it was upon a public street or highway is affirmed by the opinion of this court in the case of Jones v. State, 60 Texas Crim. Rep., 56.

From Words & Phrases, 1st Series, vol. 6, p. 5809, the following statement is taken: "A public place, as used in Acts 1875, sec. 11, providing for the punishment of any person found in a public place in a state of intoxication, is a place where all persons are entitled to be. A public street, highway, and sidewalks is a public place, within the meaning of the statute. State v. Waggoner, 52 Ind., 481, 482; State v. Moriarty, 74 Ind., 103, 105."

To the same effect is Frederick v. State, 138 So., 426, 24 Ala. App., 569. See other citations in Words & Phrases, 4th Series, vol. 3, pp. 263-264. See also Lady v. State, 192 Pac., 699, 18 Okla. Cr. 59; Wellman v. Commonwealth, 292 S. W., 467, 218 Ky., 807; also Words & Phrases, 3rd Series, Vol. 6, p. 380.

Bill No. 5 complains of the court's charge relative to the definition of the word "drunkenness" as follows: "You are further instructed that the word "drunk" means intoxicated and the word as used and commonly understood means the result of excessive drinking; a stage of intoxication depriving one of the normal control of one's bodily and mental faculties."

Bill No. 6 (though not a bill) complains of the introduction of the appellant's confession, which is as follows:

"The State of Texas, County of Coryell.

"I, Guy Byrom, being questioned in court of inquiry and charged with the offense of drunkenness and being warned by Floyd Zeigler, County Attorney, that I do not have to make any statement or confession at all in reference to said charge and accusation against me, and that any statement which I

might make in reference to said charge may be and will be used in evidence against me on my trial for the offense concerning which my statement and confession is herein made, do freely and voluntarily and without compulsion or persuasion make to the said Floyd Zeigler, the following voluntary statement and confession:

"I met with Crocket Brown about twelve o'clock Saturday night, October 21, 1933. We met up with John Schley and J. M. Martin a few minutes later. We spent the night out on the Levita Road about two miles out of town. I found a pint of whisky in the wagon yard Saturday afternoon about five o'clock. We came back to town Sunday morning and stopped at Red McCoy's to get some gas. I drank all of the whiskey I found in the wagon yard."

The confession was not exculpatory, and the refusal of the court to instruct the jury to that effect was proper.

Upon the precedents mentioned the attack upon the complaint is overruled.

Error is predicated upon the claim that the statute, article 727, C. C. P., was transgressed in the proof of occurrences taking place after the arrest of the appellant. A witness testified that after appellant was put in jail there was odor of liquor on his breath.

A witness was asked by State's counsel the following question:

"Q. Was the defendant in full possession of his physical and mental faculties at the time you saw him?"

The witness replied, "No."

Another witness testified: "I saw the defendant in the city jail. * * * The defendant was asleep and I smelled liquor on his breath, and in my opinion he was drunk."

Several witnesses who saw the appellant at the time of his arrest stated that he was drunk; others stated that he did not appear to be drunk.

The case was tried before the court without a jury. The occurrences mentioned, relied upon by the appellant, are not regarded as offending against the statutory provision inhibiting the use of the confession of one accused of crime which is made while under arrest and unwarned. See article 727 Vernon's Ann. C. C. P., 1925, vol. 2, p. 812, and annotations.

It has been held that the statute was not violated where a witness testified that he knew the voice of the accused and recognized him by his voice at the time he was under arrest. See McKee v. State, 42 S. W. (2d) 77. See also Briscoe v.

State, 106 Texas Crim. Rep., 402. It has also been held that a witness may testify that he observed the appellant's conduct and that he appeared to be angry. See Powdrill v. State, 62 Texas Crim. Rep., 442. See, also, Sealey v. State, 47 S. W. (2d) 835; Rippey v. State, 86 Texas Crim. Rep., 539, (see p. 547); Moore v. State, 87 Texas Crim. Rep., 569.

The judgment is affirmed.

*Affirmed.*